UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RIPS, LLC, D/B/A SEAFOOD HAVEN                    CIVIL ACTION

VERSUS                                           NO. 14-1969

UNDERWRITERS AT LLOYD'S LONDON                   SECTION "C"

## ORDER AND REASONS

This matter comes to the court on defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Rec. Doc. 12. The plaintiff opposes. Rec. Doc. 15. Having considered the record, the law, and the submissions of both parties, the Court DENIES defendant's motion.

## I.  BACKGROUND

This action arises out of a dispute over the amount owed under a policy of insurance for property damage. Plaintiff, Rips, LLC d/b/a/ Seafood Heaven ("Seafood Heaven") is a single member Louisiana Limited Liability Corporation (LLC) whose principal place of business is in Gretna, Louisiana. Rec. Doc 1 at 1. Seafood Heaven claims that it suffered severe property damage exceeding $200,000 from Hurricane Isaac on August 29, 2012, while covered by an insurance policy issued by Underwriter at Lloyd's, London ("Lloyd's"). *Id*. at 2. According to Seafood Heaven, after it timely reported the loss and filed a claim, Lloyd's "made a cursory

examination of the property and promptly denied the claim and has not made payment for the covered loss." *Id*. On August 28, 2014, Seafood Heaven filed the instant action in this Court, naming Lloyd's as a defendant and claiming jurisdiction under 28 U.S.C. §1332. *Id*. Lloyd's now brings a motion to dismiss, arguing that the Court lacks subject matter jurisdiction because Seafood Heaven has not sufficiently alleged diversity or shown that the jurisdictional minimum is met. Rec. Doc. 12-1 at 2.

Although the complaint alleges that Lloyd's is a foreign insurer doing business in Louisiana, this characterization is inaccurate. The Fifth Circuit has previously described the unusual nature of Lloyd's operating model, finding that:

> Lloyd's of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. Thus, a policyholder insures *at* Lloyd's but not *with* Lloyd's. The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks. . . . Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Typically hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint.

*Corfield v. Dallas Glenn Hills LP*, 355 F.3d 853, 857-58 (5th Cir. 2003) (internal quotations and citations omitted). Because of these features, Lloyd's argues that Seafood Heaven must establish that all individual Names or Members are diverse from all adverse parties, and also that the claim against each individual Name or Member meets the $75,000 minimum amount in controversy." Rec. Doc. 12-1 at 5. Because it has failed to do so, Lloyd's urges that the action must be dismissed. *Id*.

II.  **STANDARD OF REVIEW**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure enable parties to challenge the subject matter jurisdiction of the district court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting federal jurisdiction bears the burden of proof that jurisdiction does in fact exist. *Id*. A lack of subject matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of undisputed facts. *Id*. A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Id*.

III.  **LAW AND ANALYSIS**

Under 28 U.S.C. §1332, district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. In its motion to dismiss, Lloyd's argues that Seafood Heaven has proven neither that the jurisdictional amount is met nor that the parties are diverse.

**A.  Jurisdictional minimum**

In its motion to dismiss, Lloyd's cites to case law from this Court and the Fifth Circuit holding that the amount in controversy must be in excess of the jurisdictional minimum of $75,000 against each individual Name. Rec. Doc. 12-1 at 5. Seafood Heaven argues that the cases that Lloyd's relies on do not support this proposition. Rec. Doc. 15 at 3.

The Court agrees that several of the cases do not support that the jurisdictional amount

must be established as to each Name. *See St. Charles Prop. Ass'n v. Certain Underwriters at Lloyd's London*, Civ. A. No. 09-2504, 2009 WL 323034, *3 (E.D. La. Oct. 2, 2009) (case dismissed due to a failure to show complete diversity); *Walle Bldg. Condo. Ass'n v. Certain Underwriters at Lloyd's London*, Civ. A. No. 07-4204, 2008 WL 4412250, *3 (E.D. La. Sept. 18, 2008) (dismissed due to lack of diversity); *Johnson v. Certain Underwriterst at Lloyd's London*, Civ. A. No. 09-2495, 2009 WL 3232006, *4 (E.D. La. Oct. 2, 2009) (dismissed for lack of diversity); *Certain Underwriters at Lloyd's London Subscribing to Policy No. B066421355A04 v. Washington*, Civ. A. No. 09-3195, 2009 WL 5215927, *5 (E.D. La. Dec. 28, 2009) (dismissed for lack of diversity); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (dismissed for lack of diversity); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998) (dismissed for lack of diversity).

However, a number of cases from this Court as well as a Fifth Circuit opinion affirm Lloyd's assertion that the $75,000 minimum must be met against each individual Name. In *G&M Holding, Inc. v. Certain Underwriters at Lloyd's of London*, the court granted dismissal both because the plaintiff had failed to assert facts to indicate that "the amount in controversy is met as to all Names sued under the policy" and because at least one Name was non-diverse. Civ. A. No. 07-4883, 2008 WL 215842, *2 (E.D. La. Jan. 23, 2008). In *McAuslin v. Grinnell Corp.*, Judge Vance likewise found that jurisdiction was lacking both because several Names were non-diverse, and because "all but one of the Names lack[ed] the requisite amount in controversy." Civ. A. No. 97-803, 2000 WL 1059850, *4 (E.D. La. Aug. 1, 2000). In *Team One Properties, LLC v. Certain Underwriters at Lloyd's, London*, the Court dismissed the action because the

total amount in controversy against *all* Names was only $47,594.37, not because the $75,000

minimum was not met as to each Name. However, the opinion referenced Judge Vance's holding

in *McAuslin* as guidance. Civ. A. No. 07-4493, 2007 WL 4365392, *4 (E.D. La. Dec. 10, 2007).

The Fifth Circuit upheld the ruling, stating that the "district court found that Team One did not

demonstrate that the amount in controversy against *any* completely diverse underwriter was in

excess of the jurisdictional $75,000 exclusive of interest and costs." *Team One Properties LLC*

*v. Certain Underwriters at Lloyds London*, 281 Fed.Appx. 323, *1 (5th Cir. 2008).

Moreover, courts in other jurisdictions have held that the jurisdictional minimum must be

satisfied as to each individual Name. In *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, the

Second Circuit held that because the Names were severally liable under the insurance policy in

question, their liability could not be aggregated to meet the jurisdictional minimum. 160 F.3d

925, 933 (2nd Cir. 1998).  In *Chase Manhattan Bank, N.A. v. Aldridge*, the district court for the

Southern District of New York found that though the complaint alleged a loss of $1,227,839.17,

the amount in controversy with respect to the individual defendants named in the action was only

$1,851.57, and thus failed to meet the jurisdictional amount requirement. 906 F.Supp. 870, 874

(S.D.N.Y. 1995). Although that case is not controlling law for this Court, its reasoning for

arriving at this conclusion is sound. Applying the holding of a Fifth Circuit case, the district court

stated that the amounts claimed against each Name could not be aggregated because "when

liability among defendants is several, a plaintiff cannot aggregate its claims against individual

defendants in order to satisfy the jurisdictional amount. . . . It must satisfy the jurisdictional

amount with respect to each defendant." *Id.* (citing *Dendinger v. Maryland Casualty Co.*, 302

5

F.2d 850, 851 (5th Cir. 1962)).

Given the holdings discussed above, the Court finds that Seafood Heaven may not aggregate its claims against individual Names, and therefore must plead that the $75,000 jurisdictional amount is met for *each* Name. Thus, the Court finds that the Seafood Heaven has not alleged that the jurisdictional minimum is satisfied. However, the Court notes that other opinions have left open the possibility of filing suit against Names in their individual capacity in order to preserve federal jurisdiction. *See, e.g., E.R. Squibbs & Sons, Inc. v. Accident & Cas. Ins. Co.*, Civ. A. No. 82-7327, 1999 WL 350857, *5 (S.D.N.Y. Jun. 2, 1999). *But see McAuslin*, 2000 WL at *8.

### B.  Complete diversity

The Court also finds that Seafood Heaven has not adequately alleged complete diversity of citizenship. As Lloyd's points out, although the complaint states that Seafood Heaven is a Louisiana Limited Liability Corporation, it does not allege the citizenship of the Names who constitute the particular underwriters of the insurance policy in question. Rec. Doc. 12-1 at 5. As this Court has previously stated, "[f]ederal courts across the nation have agreed . . . that when determining the diversity of citizenship of the parties in a case involving [Lloyd's], all the 'names' must be taken into consideration." *Johnson v. Certain Underwriters at Lloyd's London*, Civ. A. No. 09-2495, 2009 WL 3232006, *3 (E.D. La. Oct. 2, 2009). Moreover, Seafood Heaven has not properly alleged its own citizenship. This Court has held that "[t]o determine the citizenship of a limited liability corporation for diversity purposes, the Court considers the

citizenship of the company's members." *Martinez v. American Steelway Industries, LLC*, Civ. A. no. 07-6717, 2008 WL 687197, *1 (E.D. La. Mar. 10, 2008). Therefore, the Court finds that Seafood Heaven has not satisfactorily pleaded that the parties are completely diverse.

However, rather than dismiss the action, the Court will grant leave to Seafood Heaven to file an amended complaint pleading sufficient facts to satisfy the requirements of diversity jurisdiction.

Accordingly, the motion to dismiss is DENIED. Seafood Heaven is granted 21 days from the date of this order to amend its complaint.

New Orleans, Louisiana, this 21st day of May 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE