UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| RIPS, LLC, D/B/A SEAFOOD HAVEN | CIVIL ACTION |
| VERSUS | NO. 14-1969 |
| UNDERWRITERS AT LLOYD'S LONDON | SECTION "C" |

**ORDER AND REASONS**

This matter comes to the Court on defendants' renewed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Rec. Doc. 18. The plaintiff opposes. Rec. Doc. 19. Having considered the record, the law, and the submissions of both parties, the Court GRANTS defendant's motion.

The Court has already recited the factual background of this case in its previous Order and Reasons of May 21, 2015. Rec. Doc. 16. In that order, the Court denied defendants' first motion to dismiss and granted plaintiff leave to file an amended complaint. The Court also found that plaintiff "may not aggregate its claims against individual Names" and "must plead that the $75,000 jurisdictional amount is met for *each* name." *Id*. at 16. Alternatively, the Court noted that the case law "left open the possibility of filing suit against Names in their individual capacity in order to preserve federal jurisdiction." *Id*. In addition, the Court found that plaintiff had not satisfactorily pleaded that the parties are completely diverse. *Id*. at 7.

1

Plaintiff subsequently filed an amended complaint. Rather than alleging an action against specific underwriters in their individual capacities, it named as defendant all of the underwriters subscribing to policy number HIS 12-218 in their individual capacities. Rec. Doc. 17. In addition, rather than alleging that the jurisdictional amount was met as to any single underwriter, plaintiff continued to assert that the total matter in controversy exceeds $75,000. *Id*. The Court finds that this revision to the original pleading is insufficient to allege jurisdiction under 28 U.S.C. §1332. The case to which the Court cited when it found that an individual capacity suit could be brought is *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, Civ. A. No. 82-7327, 1999 WL 350857, *5 (S.D.N.Y. June 2, 1999). In that case, the district court specified that when suing underwriters or "names" in their individual capacities, the plaintiff had to allege that those individual underwriters each met the jurisdictional minimum. The court stated:

> Since Haycock and Merrett have the capacity to be sued in their individual capacities "the existence of jurisdiction will depend . . . on *their* citizenship-which is admittedly diverse—and on *their* meeting the requisite jurisdictional amount."

*Id*. at *5 (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 936 (2d Cir. 1998) (emphasis in original). Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Thus, this Court does not have jurisdiction over this action, and must dismiss the action.

New Orleans, Louisiana, this 19th day of August 2015.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE